## UNITED STATES v. ONE PACKARD AUTOMOBILE, MOTOR NO. B–305217.

### Civil Action No. 31.

District Court, W. D. Texas,
Del Rio Division.

May 12, 1945.

W. R. Smith, Jr., U. S. Atty., and J. M. Burnett, Asst. U. S. Atty., both of San Antonio, Tex., for plaintiff.

994

Phil B. Foster, of Del Rio, Tex., for claimant.

HANNAY, District Judge.

On June 11, 1943, A. R. Kahn, Assistant Collector of Customs at the Port of Laredo, Texas, applied for a warrant of detention for one 1939 Packard coupe automobile, Engine No. B–305217, Serial No. 12992286, Illinois license plates No. 164—758, alleging that on May 13, 1943, a taxi driver, name unknown, attempted to smuggle said automobile from the United States of America over the international bridge at the port of Del Rio, Texas, without declaring same to the customs officer on duty for legal exportation.

Immediately after this automobile was detained for investigation, one Salvador Abraham (Perez) appeared with a bill of sale which showed he, as Salbador Abraham, had purchased this automobile from Larry Hamm that same day for the sum of Five Hundred Fifty ($550) Dollars. Salvador Abraham (Perez) is a citizen and native of Piedras Negras, Mexico.

The following day Salvador Abraham (Perez) presented to the Deputy Collector of Customs at Eagle Pass, Texas, certain papers showing that he had, since the detention of this automobile, transferred the title from Salbador Abraham to S. Abraham Perez, and purchased Texas license plates, 1942, No. V–54400, with 1943 Texas tab No. HAI–605.

Having become acquainted with the above mentioned facts, on the 7th day of June, 1943, the said Assistant Collector of Customs, having what he thought probable cause to believe that a deliberate attempt was being made to export the above-described automobile from the United States to Mexico in violation of the provisions of the Export Control Act of July 2, 1940, as amended, 50 U.S.C.A.Appendix, § 701, and proclamations, rules and regulations issued thereunder, duly seized the above described Packard automobile and applied for a warrant to justify the further detention of such property so seized.

Thereafter, on June 11, 1943, a United States Judge for the Western District of Texas granted such application for a warrant and signed the warrant of detention of such property.

On August 9, 1943, the United States District Attorney for the Western District of Texas filed a libel on behalf of the United States of America, setting forth the facts of the seizure and of the warrant of detention, and that no claim for restoration of said automobile had been filed, and stating that said automobile is forfeited to the use of the United States of America, and libellant prayed that due process and monition be awarded to enforce the seizure and that said automobile be forfeited to the use of the United States of America.

On August 10, 1943, a United States judge for the Western District of Texas duly signed the order requiring notice upon attachment, which was duly filed on September 8, 1943.

Later, on November 29, 1943, S. Abraham Perez filed an intervention and answer wherein he claimed to be the owner of the automobile involved in this case, and denied that any law was violated, or intended to be violated, on his part, and that he in all things acted in good faith. Still later, the same claimant filed a plea in which he asked for the delivery of said automobile, upon the execution by him of proper bond, under either Section 405 of Title 22 U.S.C.A., or, in the alternative, under Section 751 of Title 28, U.S.C.A. This petition for the return of the automobile to claimant was filed on December 24, 1943. On March 19, 1945, the defendant and claimant filed a plea in abatement, in which he stated this suit should be abated, the cause dismissed, and the property returned to him because the application for warrant of detention was filed in this court by the Assistant Collector of Customs on June 11, 1943, after said automobile had been seized on May 13, 1943, inasmuch as more than ten days had elapsed after the seizure of said car before the filing of said application for warrant of detention, and that more than thirty days elapsed after the seizure of said automobile by the officers of the United States Government before application for warrant of detention.

This cause was heard in Del Rio upon the plea in abatement. The date of seizure and the other dates hereinabove set out were proven.

█ It therefore follows that the plea in abatement should be granted, the cause should be dismissed, and the automobile in question returned to the claimant herein, because under the Espionage Act, Title 6, §§ 1, 2, 22 U.S.C.A. §§ 401, 402, it is the duty of the person making a seizure to apply with due diligence to the Judge of the District Court which has jurisdiction over

the place of seizure for a warrant to justify the detention of the property, which application for warrant should be made within a reasonable time, not exceeding ten days after the seizure.

In this case the application was at a time in excess of the ten day provision. This ten day provision is ·mandatory and must be strictly construed. Since the seizure was made by officers authorized to seize for condemnation, and since the ten day provision of § 402 applies, no other result can be had. See United States of America v. 21 lbs. 8 ozs. more or less, of Platinum, 4 Cir., 147 F.2d 78.

Let order be drawn and presented accordingly.